Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
ellendowd@sbcglobal.net
(858) 342-8360
Fax (858) 755-6348

**Attorney for Defendants, CHRISTOPHER S, PAUL and MARY STRUBLE**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTIRCT OF CALIFORNIA

| | |
|---|---|
| FALLBROOK UNION HIGH SCHOOL DISTRICT, <br> Plaintiff, <br> v. <br> CHRISTOPHER S., PAUL STRUBLE AND MARY STRUBLE <br> Defendants. | Case No. 08 CV 0049 LAB (CAB) <br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** <br> **[FRCP 12(b) (6)]** <br><br> Date: March 10, 2008 <br> Time: 10:30 a.m <br> Courtroom: 9 <br> Judge: Hon. Larry Burns <br><br> Complaint Filed: 1/8/08 |

## I.
## INTRODUCTION

Christopher S. ("Student") is an 18-year old conserved student who resides with his parents, Paul Struble and Mary Struble ("Parents") within the boundaries of Fallbrook Union High School District ("the District"). Student attended Fallbrook High School until May, 2007, which was his senior year, when his doctor recommended he not attend Fallbrook High School due to his level of anxiety there.

In September, 2007, Student filed a Due Process Hearing Request with Office of Administrative Hearings ("OAH"), Special Education Division. In his Due Process Complaint, Student alleged that the District violated the procedural provisions of Individuals With

1
08 CV 0049 LAB (CAB)
Memorandum of Points and Authorities
In Support of Motion to Dismiss

Disabilities Education Act ("IDEA") 20 U.S.C. § 1400, et seq., for which the remedy of compensatory education was sought.

On October 16, 2007 through October 19, 2007 an administrative Due Process Hearing was heard by OAH Administrative Law Judge Susan Ruff. After the conclusion of this hearing, on November 20, 2007 a Decision was issued by ALJ Ruff.

In the Decision, Student substantially prevailed on the issue of whether the District's procedural violation of IDEA was a denial of a free appropriate public education ("FAPE") for Student. This denial of FAPE gives rise to the remedy of compensatory education by operation of law. *School Committee of Burlington v. Mass. Dept. of Education*, 471 U.S. 359, 369 (1985). Once a student proves that the district denied student a FAPE, "compensatory education is an appropriate means for providing a free appropriate public education." *Letter to Anonymous*, 21 IDELR 1061(OSEP 1994).

However, in the Decision, the ALJ delegated the remedy of compensatory education to the IEP Team, in violation of law. While the hearing officer has broad discretion in fashioning the equitable remedy of compensatory education, *Burlington, supra* at 369, and can "grant such relief it determines is appropriate" 20 U.S.C § 1415(e)(2), this discretion cannot be delegated to the IEP Team. An IDEA due process hearing may not be conducted by "an employee of the State educational agency or the local educational agency involved in the education or care of the child." (20 U.S.C. §1415(f)(3)). This was upheld in the case of *Board of Education of Fayette County, Kentucky v. L.M.*, ___ F. 3d. ___(6th Cir. 2007), which cited *Reid ex rel. Reid v. District of Columbia*, 401 F. 3d 516, 526 (D.C. Cir. 2005).

After student's request to ALJ Ruff for Modification of the Decision were denied, on December 13, 2007, Student filed a Complaint/Appeal of Office of Administrative Hearings, Special Education Division For Partial Reversal of Decision and Attorney Fess and Costs, Case. No. 07 CV 2328 LAB (CAB).

On January 8, 2008, the District filed an Answer and Counterclaim in case No. 07 CV 2328 LAB (CAB). A reply to Counterclaim was filed by Student on January 28, 2008. On January 27, 2008, Student and Parents were personally served with the Summons and Complaint in the instant action, which was filed by the District on the same day the Answer and Counterclaim were filed, January 8, 2008.

2

08 CV 0049 LAB (CAB)
Memorandum of Points and Authorities
In Support of Motion to Dismiss

The claim in the instant Complaint is "Complaint for violation of Individuals With Disabilities Education Act," against Student and Parents. However, it states the same allegations and requests the same relief as was filed in the District's Counterclaim. The instant Complaint does not seek any relief against Student or Parents other than the relief sought in the Counterclaim, which is for reversal of the portions of the Decision that were decided in favor of Student.

As outlined in more detail below, IDEA sets forth rights of special education students and their parents, and responsibilities of school districts. As such, only school districts can violate IDEA. More importantly, the instant Complaint must be dismissed as duplicative, unduly burdensome, at risk for inconsistent adjudication over the exact same subject matter as stated in the District's Compulsory Counterclaim.

It has come to Parent's attention that the District has published the details of the instant Complaint on its webpage, with no mention of Student's Complaint/Appeal, for the purpose of harassing and embarrassing Student and Parents, who are portrayed as Defendants who have violated "Other Civil Rights." The signing of this frivolous, duplicative and bad faith Complaint will be the subject of a safe harbor letter, and a separate Motion for Rule 11 Sanctions.

## II.

## ARGUMENT

On January 8, 2008, the District, through its attorney, Sharon Watt, Esq. filed an Answer and Counterclaim in Case No. 07 CV 2328 LAB (CAB) which was an appeal of an administrative Due Process Decision. On January 8, 2008 the District, through its attorney, filed the instant action. There was no indication on the Civil Cover Sheet in the instant action of any related case. No Related case Notice was filed by the District, or its attorney at the same time this Complaint was filed, in violation of Local Rule 40.1(f). Student and Parents were unaware of this duplicate action until Sunday, January 27, 2008 when they were personally served with the Summons and Complaint. Student's attorney was not aware of the existence of this Complaint until after Student's Reply to Counterclaim was filed on January 28, 2008. On January 29, 2008 Student filed a Notice of Related Case in Case. No. 07 CV 2328 LAB (CAB) and requested that the instant Complaint be transferred to Judge Burns under low number rule.

On January 31, 2008, the District, for the first time, filed a Notice of Related case, stating about the instant case and Case No. 07 CV 2328 LAB (CAB) that "Each case is an appeal from

3

08 CV 0049 LAB (CAB)
Memorandum of Points and Authorities
In Support of Motion to Dismiss

the same administrative decision of the California special Education Hearing Office and involve similar issues of law and fact." This notice is signed by the attorney for the District.

### 1. A Counterclaim Was Compulsory, And Was Made By The District.

A Counterclaim is required where Defendant seeks affirmative relief of any type against the Plaintiff. FRCP 13.

Although it may be pleaded as part of the Answer, Defendant's claim for affirmative relief <u>must</u> be stated as a Counterclaim. FRCP 13(a) (emphasis added).

The District filed a Counterclaim with its Answer, and asserted the identical claims and requested the identical relief as in the instant Complaint. A Defendant must plead as a Counterclaim any claim which, at the time of responding, it has against the Plaintiff if that claim (1) arises out of the transaction or occurrence that is the subject matter of the Plaintiff's claim, and (2) does not require for its adjudication the presence of third parties over whom the Court cannot acquire jurisdiction. FRCP 13 (a), *Adam v. Jacobs,* 950 F.2d 89, 92 (2nd Cir. 1991). Here, the attorney for the District characterizes the two actions as Complaint/Appeal of Office of Administrative Hearings, Special Education Division For Partial Reversal of Decision and Attorney Fess and Costs, Case. No. 07 CV 2328 LAB (CAB). The District filed its compulsory Counterclaim with its Answer on January 8, 2008.

### 2. Except for Harrassment, There is No Relevance to Additional Family Members Being Named as Defendants In The Instant Action.

The administrative Due Process Hearing being appealed from bore the caption "Student v. Fallbrook Union High School District." At the Due Process Hearing, Student, who is conserved, was represented by his mother and his special education attorney. Neither Student nor father participated. In Federal Court, due to the conservatorship, Student is named in this capacity, and is represented through his mother.

As there is no affirmative relief being sought from the individuals named as Defendants in the instant case, and the only relief being sought is reversal of part of the Decision, if the District thought that additional parties were needed , it could have applied to the Court for joinder of additional parties whose presence "would facilitate determination of the Counterclaim." FRCP 13 (a). The presence of such parties is commonly decided based upon whether they would be "necessary and proper parties" under FRCP Rules 19 and 20.

4   08 CV 0049 LAB (CAB)
Memorandum of Points and Authorities
In Support of Motion to Dismiss

No request for joinder is made. In both the Counterclaim and the instance Complaint, the District seeks, as part of the relief requested, "For the District's costs of suit, disbursements and reasonable attorney fees." However, neither the Counterclaim, nor the instant Complaint cite any statute allowing the District to claim prevailing party attorney fees against parents. The reauthorization of IDEA, effective July 1, 2005, did add a provision that under very limited circumstances, a school district could be awarded attorney fees against parents.

20 U.S.C. §1415 (i)(3)(B)(III) states: "...the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

Under the circumstances, Student filed an appeal to correct an unlawful delegation of the ALJ's duties to the District IEP Team. There is nothing frivolous about this. The District, on the other hand, has brought a completely frivolous and unnecessary action.

### 3. The District is Attempting to Play "Fast and Loose" With the Court.

The filing of the instant complaint certainly creates the risk of inconsistent results, and is a threat to the integrity of the judicial process. Rather than conduct a reasonable investigation before filing a duplicate claim, the District is "attempting to play fast and loose with the Court." *Morris v. California,* 966 F. 2d 448,452 (9th Cir. 1991). This action must not be condoned by the Court. The complaint should be dismissed.

### 4. Defendants herein Cannot Violate IDEA.

The IDEA requires state education agencies, which receive federal funds for providing education to children with special needs, comply with the provisions of IDEA in identifying eligible students, ("Child Find"), and providing a free appropriate public education ("FAPE"), to all children with disabilities through individualized education programs (IEPs"), pursuant to 20 U.S.C. § 1415(a). Under the IDEA, specifically, federally-funded state agencies must "establish and maintain procedures in accordance with [20 U.S.C. § 1415]...to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE]...by such agencies." 20 U.S.C. § 1415(a).

Disabled students and their parents are the beneficiaries if IDEA. There is no provision cited by the District, nor does any exist under which a student or parents can violate IDEA.

5

08 CV 0049 LAB (CAB)
Memorandum of Points and Authorities
In Support of Motion to Dismiss

## III.

## CONCLUSION

In accordance with the foregoing, the Complaint herein should be dismissed, without leave to amend.

Dated: February 11, 2008

Respectfully submitted,

*/s/ Ellen Dowd*

Ellen Dowd, Attorney for Defendants, CHRISTOPHER S., PAUL STRUBLE and MARY STRUBLE

6

08 CV 0049 LAB (CAB)
Memorandum of Points and Authorities
In Support of Motion to Dismiss

Case 3:08-cv-00049-LAB-CAB   Document 4-2   Filed 02/11/2008   Page 6 of 6