# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALLBROOK UNION HIGH SCHOOL DISTRICT,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CHRISTOPHER S., PAUL STRUBLE, MARY STRUBLE,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 08cv49-LAB (CAB)<br><br>**ORDER DENYING MOTION TO DISMISS CASE AS FRIVOLOUS; AND**<br><br>**ORDER DENYING AS MOOT MOTION TO DISMISS**<br><br>**ORDER TO SHOW CAUSE** |

On December 13, 2007, Defendant Mary Struble, as conservator for C.S., filed a complaint against Plaintiff Fallbrook Union High School District (the "District") in *Struble v. Fallbrook Union High School District*, no. 07cv2328, which was assigned to the Hon. Larry A. Burns. On January 8, 2008, the District filed its answer and counterclaim in that case. The same day, the District filed its Complaint in this case, paying the $350 filing fee. This case was then assigned to the Hon. Marilyn Huff.

The District filed no notice of related case as required under Civil Local Rule 40.1(e), although on January 29, 2008 Struble did file such a notice in *Struble v. Fallbrook*. Thereafter, a low-number order was prepared and *Fallbrook v. Struble* was transferred to the Hon. Larry Burns.

/ / /

In this case, Struble filed a motion on February 11 to dismiss the Complaint as frivolous because it duplicated claims being made in *Struble v. Fallbrook*. Struble did not, however, file either a motion for summary judgment or an answer. On February 20, 2008, the District filed its notice of voluntary dismissal of this case.

The following day, Struble filed an *ex parte* application (the "Application") to convert her motion to dismiss into a motion for summary judgment in order to permit her to obtain a judgment on the merits. In the alternative, she asked the Court to retain jurisdiction for purposes of considering Fed. R. Civ. P. 11 sanctions. The Application asks the Court to take judicial notice of several documents outside the pleadings, including a website on which she says the District has posted information pertaining to *Fallbrook v. Struble*. The Application alleges harassment of the Strubles by the District. On February 25, the District filed a response in opposition to the Application.

Fed. R. Civ. P. 41(a)(1)(A)(I) permits most plaintiffs to dismiss their action voluntarily without a court order provided the opposing party has not yet served either an answer or a motion for summary judgment. While Struble has filed a motion to dismiss, she had not yet served either an answer or a motion for summary judgment when the District filed its notice of voluntary dismissal, which was effective when filed. Because the District has voluntarily dismissed its action in *Fallbrook v. Struble*, the Court cannot adjudicate these claims on the merits. *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.")

Because the District has already dismissed its complaint, Struble cannot now successfully move for sanctions under Fed. R. Civ. P. 11(c)(2).

While posting of information on the District's website has some relationship to this case, the Court is not convinced it can or should exercise jurisdiction over this collateral matter, which is essentially a question of state tort law.

/ / /

1  Struble's Application is therefore **DENIED**. Requests for judicial notice are **DENIED**
2  as unnecessary.
3  Struble's motion to dismiss was to have been heard on March 10, 2008. In view of
4  the District's voluntary dismissal of its complaint, this motion is hereby **DENIED AS MOOT**
5  and the hearing on this motion is **VACATED**.
6  The District's voluntary dismissal does not, however, deprive the Court of jurisdiction
7  to consider sanctions under Fed. R. Civ. P. 11 or on the basis of its own inherent power.
8  *Willy v. Coastal Corp.*, 503 U.S. 131, 138–39 (1992) (citing *Cooter & Gell v. Hartmarx Corp.*,
9  496 U.S. 384, 396 (1990)). While Rule 11(c)(5)(B) does not permit the Court to impose
10 monetary sanctions at this time, the Court may also rely on 28 U.S.C. § 1927 or its inherent
11 power to impose sanctions, including monetary sanctions, for actions taken in bad faith.
12 *See, e.g.*, *Wolters Kluwer Fin'l Servs. Inc. v. Scivantage, et al.*, 525 F.Supp.2d 448, 537
13 n.329 (S.D.N.Y. 2007).
14 No good faith reason is apparent to the Court for the District's decision to file its
15 complaint in *Fallbrook v. Struble*. The District was obviously aware of the pendency of
16 *Struble v. Fallbrook*, and in fact filed its counterclaim in that case the same day it filed its
17 complaint in *Fallbrook v. Struble*. It therefore appears the District was not under the
18 impression the complaint would serve the purpose of a counterclaim.
19 Furthermore, after *Fallbrook v. Struble* was assigned to a different judge who was
20 apparently unaware that a related case was pending, the District failed to comply with the
21 requirements of Civil Local Rule 40.1(e), which provides, in pertinent part:
22  Whenever counsel has reason to believe that a pending action or
    proceeding on file or about to be filed is related to another pending action
23  or proceeding on file in this or any other federal or state court . . . counsel
    shall promptly file . . . a notice of related case, stating the title, number and
24  filing date of each action or proceeding believed to be related, together with
    a brief statement of their relationship . . . .
25
26 On the basis of facts before the Court, it thus appears the District wasted judicial resources
27 and forced Struble to file a motion to dismiss the duplicative complaint.
28 / / /

      Finally, the District named a Paul Struble as a Defendant in *Fallbrook v. Struble*. As Struble's motion to dismiss points out, there appears to be no basis for this. (Motion to Dismiss at 4:15–28.)  The District's opposition to the Application provides no explanation, but focuses primarily on the effect of its voluntary dismissal, and issues connected with postings on the website.

      The District is therefore **ORDERED TO SHOW CAUSE** why it should not be sanctioned for filing its apparently duplicative complaint in *Fallbrook v. Struble*, 08cv49-LAB (CAB) in bad faith and for failing to file a notice of related case as required under Civil Local Rule 40.1(e).  Sanctions may include payment of Struble's attorney's fees for filing the motion to dismiss. The District may do so by filing and serving a memorandum of points and authorities no longer than five pages in length no later than 14 calendar days from the date this order is entered.  No response is required.  The parties will be notified if a hearing is required.

      **IT IS SO ORDERED**.

DATED: February 29, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge