SHARON A. WATT [SBN 81377]
admin@filarskyandwatt.com
FILARSKY & WATT LLP
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone   (805) 640-2970
Facsimile    (805) 640-2980

Attorneys for Plaintiff
FALLBROOK UNION HIGH SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALLBROOK UNION HIGH SCHOOL DISTRICT, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPER S., PAUL. S., AND MARY S., <br><br> Defendants. | CASE NO. 08 CV 0049-LAB (CAB) <br><br> FALLBROOK UNION HIGH SCHOOL DISTRICT RESPONSE TO ORDER TO SHOW CAUSE |

In an Order Denying Motion to Dismiss Case as Frivolous; and Order Denying as Moot Motion to Dismiss[; and] Order to Show Cause dated February 29, 2008 ("Order to Show Cause"), this Court ordered the Fallbrook Union High School District ("FALLBROOK") to show cause within 14 calendar days of the entry of the Order to Show Cause why FALLBROOK should not be sanctioned for filing its complaint in *Fallbrook Union High School District v. Christopher S., Paul S., and*

*Mary S.*, Case Number 08cv49-LAB (CAB), in bad faith and for failing to file a notice of related cases as required under Civil Local rule 40.1(e).

This Court noted in its Order to Show Cause that (a) the District filed a counterclaim in *Struble v. Fallbrook Union High School District*, Case No. 07cv2328, as well as a complaint in this matter, (b) the District did not file a notice of related cases in this matter, and (c) FALLBROOK named Paul S. as a defendant in its complaint.

I

**FALLBROOK RESPONSE TO ORDER TO SHOW CAUSE**

FALLBROOK hereby responds to this Court's Order to Show Cause.

***a. Filing both the Counterclaim and the Complaint was done in error.***

Upon notice from the District that it intended to appeal the administrative decision in the matter of Christopher S.'s due process hearing, and upon receipt of authorization from the District that Filarsky & Watt was to represent the District in the matter of the District's appeal of the administrative decision, Sharon Watt, partner of Filarsky & Watt, informed an associate attorney of Filarsky & Watt to prepare the appeal in the form of a complaint to be filed in District Court.

In accordance with Ms. Watt's directive, the associate attorney prepared the appeal.

Thereafter, Christopher S. appealed the decision in his administrative due process hearing before the District's appeal had been finalized.

The associate attorney who was preparing the District's appeal was given the assignment of answering and counterclaiming Christopher S.'s appeal to District Court. The associate attorney prepared and finalized both the answer/counterclaim to Christopher S.'s appeal as well as the District's own appeal in the form of a complaint against Christopher, Mary, and Paul S.

The associate attorney submitted at the same time for Ms. Watt's approval both the answer/counterclaim and the District's Complaint.

Ms. Watt approved the answer/counterclaim and directed the associate attorney to have filed with the District Court the District's answer/counterclaim.

However, the associate attorney had filed not only the answer/counterclaim, but also the complaint. The language in both documents is identical. The documents were filed the same day.

### b. *A notice of related cases was filed.*

A notice of related cases was e-filed with this Court. Attached hereto as Exhibit A is a copy of the Notice of Related Cases that FALLBROOK e-filed with this Court providing notice of related case numbers 08cv0049 H AJB and 07cv2328-LAB/CAB and with verification of e-filing as "Document 13" for case number 07cv02328-LAB-CAB.

Filarsky & Watt staff e-filed its Notice of Related Cases with case number 07cv02328-LAB/CAB rather than with case number 08cv0049 H AJB, although the document is correctly identified.

**c. FALLBROOK had good reason to name Paul S. as a party in Fallbrook v. Struble.**

FALLBROOK obtained documents from the Superior Court of the County of San Diego that indicated that Mary S. and Paul S. were petitioning to be appointed conservators for Christopher S. Those documents were a Capacity Declaration-Conservatorship of proposed conservatee Christopher S. dated April 9, 2007, which indicated that Paul and Mary S. were parties to the petition for conservatorship, and a Declaration Pursuant to Probate Code Section dated April 21, 2007, which states that Mary and Paul S. are petitioners in the matter of Limited Conservatorship of the Person of Christopher S[.], Proposed Conservatee. Attached hereto as Exhibit B is the Capacity Declaration-Conservatorship and the Declaration Pursuant to Probate code Section 811.

FALLBROOK had a reasonable belief, based on the foregoing two documents, that both Mary S. and Paul S. held Christopher S.'s educational rights and that Paul S. should be a party to the complaint.

Dated: March 12, 2008            Respectfully Submitted,

                                 FILARSKY & WATT LLP

                                 By: _____
                                     Sharon A. Watt
                                     Attorney for Plaintiff
                                     FALLBROOK UNION HIGH SCHOOL
                                     DISTRICT