# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALLBROOK UNION HIGH SCHOOL DISTRICT,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>C.S., PAUL STRUBLE, MARY STRUBLE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv49-LAB (CAB)<br><br>**ORDER STRIKING EXHIBIT; AND**<br><br>**ORDER ON ORDER TO SHOW CAUSE**<br><br>[Docket Nos. 10; 14, Ex. B; 15] |

On February 29, 2008, the Court issued an order (the "OSC") requiring Fallbrook Union High School District (the "District") to show cause why it should not be sanctioned for having filed this action, which duplicates *Struble v. Fallbrook*, 07cv2328-LAB (CAB), and for failing to file a notice of related case as required under Civil Local Rule 40.1(e). On March 12, 2008, the District electronically filed its response to the Court's order to show cause issued February 29, 2008 ("Response"). Along with the reply, the District's counsel electronically filed two exhibits. The same day, counsel for C.S. (a young adult under conservatorship), Paul Struble, and Mary Struble ("Struble") filed an *ex parte* application seeking, among other things, an order striking the District's Exhibit B on the grounds that it was confidential under California law.

/ / /

Exhibit B consists of a declaration of capacity in connection with a conservatorship of Defendant C.S., and a declaration submitted in San Diego County Superior Court's probate division in support of the proposed conservatorship. The first declaration contains a medical evaluation of the mental functions of Defendant C.S., and the partially-obscured but still legible street address of Mary Struble. Both documents prominently state the full name of C.S.

The Response indicates Exhibit B has been filed to show the District's good-faith belief that Paul Struble was C.S.'s conservator, a fact he does not appear to dispute. Paul Struble's name appears only in the caption of these declarations, as a petitioner in the conservancy proceeding.

The same day, counsel for Struble filed an *ex parte* application seeking, among other things, an order striking Exhibit B from the record. The Court need not await a response, however. Under Fed. R. Civ. P. 12(f)(1), the Court may *sua sponte* strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Because the Court is dealing with this matter *sua sponte*, Struble's request for leave to file a reply to the Response is **DENIED AS MOOT.**

Exhibit B consists of two declarations in connection with C.S.'s conservatorship proceedings. The parties agree C.S. is represented by his conservator Mary Struble. It is uncontested Mary and Paul Struble are C.S.'s parents. Neither Paul nor Mary Struble appear to dispute that Paul Struble was co-petitioner in the conservatorship proceeding. Although the declarations in Exhibit B indicate both parents were petitioning for conservatorship, Mary Struble was the signatory. The declarations are replete with sensitive psychiatric and personal information that could be put to malicious use against C.S., and the Court finds them impertinent.

Exhibit B is hereby ordered **STRICKEN** from the record. The Clerk shall remove this item (Docket No. 14, Ex. B) from the docket. The Court declines to impose further sanctions.

With regard to the OSC, the Court accepts the District's counsel's explanation that the complaint was filed by mistake, due to a miscommunication within her office. Counsel

1 is admonished, however, that under Fed. R. Civ. P. 11, she should sign pleadings (or permit
2 pleadings to be signed for her) that cannot properly be filed with the Court. The Court also
3 notes the District did file a notice of related case in *Struble v. Fallbrook*, the earlier-filed case,
4 albeit several weeks after filing its complaint in *Fallbrook v. Struble* and not "promptly," as
5 required under Local Rule 40.1(e).

6 Accepting counsel's representation that the complaint was filed by mistake, she failed
7 to withdraw it as soon as she had notice of her error. Rather, because of the District's
8 inaction, Struble was required to file a motion to dismiss the duplicative action. Even then,
9 the District waited nine more days before withdrawing the complaint it now concedes it
10 should never have filed. The District's counsel is admonished that, immediately upon
11 learning she had filed the duplicative complaint — *i.e.*, on January 8, 2008, the day she
12 received electronic notice the complaint had been filed — she should have taken action to
13 correct her error. Nothing more than a brief notice of voluntary withdrawal was required. As
14 counsel knows, Struble would have had to file an answer within 20 days of being served, or
15 risk default. Fed. R. Civ. P. 12(a). The fact that she waited until February 20 to file her
16 notice of withdrawal resulted in unnecessary expense for Struble, and a waste of judicial
17 resources.

18 The Court finds the filing of the complaint was caused by mere inattentiveness. With
19 regard to the delay following this filing, however, both the potential for harm and the
20 necessity of promptly correcting the error were obvious, and the effort required was minimal.
21 The Court therefore finds the District's counsel acted unreasonably by delaying withdrawal
22 of the duplicative complaint for over a month after discovering her error.

23 Pursuant to its inherent powers and 28 U.S.C. § 1927, the Court therefore **ORDERS**
24 the District to pay Struble's costs and attorney's fees incurred in filing the motion to dismiss
25 on February 11, 2008. Struble is directed to file, for the Court's approval, a bill of costs for
26 / / /
27 / / /
28 / / /

this motion only, within **ten calendar days of the date this order is entered**. Upon payment of Struble's costs and fees, the OSC will be discharged.

**IT IS SO ORDERED**.

DATED: March 13, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge